

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Edward Johnson
County Attorney
Hood County
Granbury, Texas

Dear Sir:

Opinion No. O-4094
Re: Fees due the county treasurer
under the facts set forth.

We quote the following from your letter of October 2, 1941, requesting an opinion of this department:

"Some two and a half years ago, this county found it necessary to purchase certain right of way for the construction of state highways in this county, the expense of which is estimated to possibly amount to as much as $40,000 to $50,000. This amount, of course, was far in excess of such funds as would be available in the operating funds of this county, and it was therefore necessary that the county issue warrants or bonds to finance this work.

"Thereupon the county entered into a contract with an investment firm, who agreed to furnish the necessary moneys for this purpose, they taking all necessary legal steps to issue the paper without subjecting the matter to a bond election, and in order that the county might secure the very best interest rate possible, it was necessary that the financing of the matter in its final form be in the nature of refunding bonds rather than warrants. This 'necessity' is due purely to the fact that the bonds are more marketable than warrants, even though the nature of the security be essentially the same.

"During the ensuing time, the investment firm has received two issues of re-funding bonds

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and are currently completing the matter by the issuance of one additional bond issue. The mechanics of each operation have been essentially the same, in that the county first authorizes the issuance of scrip warrants and time warrants to fund such scrip. The county purchases the right-of-way, making payment for same by means of a scrip warrant, which warrant is purchased by the investment firm at face value, thereby providing the actual money to the seller of such right of way.

"As holders of the script warrants, the investment firm, then makes an exchange with the county for the previously authorized time warrants and thus the paper becomes more bankable. When sufficient time warrants have been issued, the county authorizes the issuance of refunding bonds, which bonds are then exchanged for the time warrants which the investment firm now hold, and the final form of this financing is then completed. The refunding bonds mature serially over a period of years, and as same mature, are finally paid by the county. Maturity of these bonds will probably run to fifteen years for the longest, and up to the present date 31,201.05, in refunding bonds has matured and been paid by this county.

"The county treasurer of this county receives 1% on all receipts and 1% on all disbursements of moneys for the county.

"Under the circumstances as outlined above, what fees, if any, would the county treasurer be entitled to?"

The order of the commissioners' court fixing the commissions to be received by the county treasurer of Hood County, is made pursuant to Article 3941, Revised Civil Statutes, 1925, which Article reads:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of

the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

According to our interpretation of your letter, your question is chiefly concerned with the one per cent (1%) on disbursements of county funds. Should we be incorrect in this, the language of the statute authorizing commissions in conformity with which the treasurer's commissions are based, allowing the percentage "on the moneys received" and "For receiving all moneys . . . for the county," is plain that upon such moneys being received, and only when received, authorizes the commissions to be so charged. Under the above facts, we can only assume that said commissions would be based upon said tax receipts and not upon the amount expended by the investment company in taking up said scrip or time warrants. Article XI, Section 7, of the Constitution of Texas; Baxter v. Rusk County, 11 S. W. (2d) 648.

As to the commissions payable on disbursements under the foregoing statute authorizing the order of your commissioners' court, likewise, the commission of "1% on all disbursements of moneys for the county" is for moneys "paid out by him" and for "paying out the same." The treasurer is not authorized to charge disbursement commission upon the issuance of scrip warrants or upon the mere cancellation of same or of time warrants through replacement or exchange by the issuance of refunding bonds. Upon the maturity of each series of time warrants or refunding bonds, and their cancellation by payment from the county treasury, the treasurer may legally charge his commission on the amount paid out.

The following authorities appear to support our views as expressed herein: Baylor County v. Taylor, 22 S.W. 982; Farmer v. Aransas County, 53 S. W. 607, writ ref.; McKinney v. Robinson, Judge, 84 Tex. 489, 19 S. W. 699.

It is, therefore, the opinion of this department that the county treasurer is not authorized to charge a disbursement commission upon scrip and time warrants to be later refunded into bonds, but may only charge such commission on the amount of such authorized time warrants or bonds as same

Honorable H. Edward Johnson, Page 4

are canceled by payment out of the county treasury.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 19, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. R. King
Assistant

WMK:LM


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN